May it please the court. Good morning. My name is Judy Flanagan appearing on behalf of the petitioner Gerardo Garcia Moreno and I'd like to reserve two minutes for rebuttal if I may. The Board of Immigration Appeals erred when it adopted the immigration judge's flawed reasoning and upheld the immigration judge's adverse credibility determination. In this case, the board also engaged in improper fact-finding on the issue of objective evidence. First, the board erred in ignoring what were clear factual errors and non-evidence-based assumptions in the immigration judge's decision. For example, the immigration judge incorrectly determined that Gerardo had two chances to make his claim of fear of return to border officials. On his second entry to the United States, border officials never asked him about his fear of return. There's no evidence of this in the record. There's no I-213. There's no sworn statement. Gerardo testified that he was never questioned about his fear of return. He was paroled in at that time as a material witness for possible testimony against his smuggler and though he was assigned an attorney, he never spoke to that attorney and that is clear in the record and this is contrary to the immigration judge's There was no trial in the smuggling case. The smuggler pled out and then within 21 days, Gerardo was released from custody. Contrary to the immigration judge's finding that he testified during that trial against a smuggler, he never testified. There was no trial. The record is clear on that. The immigration judge also mischaracterized Gerardo as not being credible saying that he knew that his brother was gay and that his brother had filed an asylum application back in 2017 and therefore somehow he should have not had any fear of expressing his fear of return during his first entry but the record is very clear that this is not correct. When Gerardo entered the United States in 2018, he didn't know that his brother was gay. He didn't know that his application and in fact, he didn't find this out until his brother visited him while he was in detention after his July 2018 entry. In addition, the immigration judge engaged in speculation. She stated in her adverse credibility determination that Gerardo could have asked for a female officer if he was afraid to speak to men but there was no evidence in the record that this was also determined that Gerardo could have requested an attorney and in fact, there's no right to counsel at a CBP interview under 8 CFR 292.5b and again, so the judge engaged in speculation here. Suppose we agree with you that, I mean, for some of the reasons you've just laid out, there seem to be some flaws in the reasoning that the immigration judge gave. We still have, you know, a pretty significant inconsistency in that when he's first in the United States in May of 2018, he's asked, you know, are you afraid to go back and he says no and he gives an explanation later for why there's that inconsistency but how can we say that the record compels the immigration judge to accept that explanation? Why wasn't it permissible for the IJ to say, you know, to reject the proffered explanation for that pretty significant contradiction? Well, given Mr. Garcia Moreno's history of being sexually assaulted as a child and enduring homophobic bullying and harassment throughout his life in Mexico, the board's decision of holding the adverse credibility determination is not supported by substantial evidence. He had reasonable and plausible explanations for these admissions. He'd endured two years of brutal rapes by an adult cousin starting when he was only eight years old based on his perceived sexual orientation. He testified that he was ashamed, embarrassed about being gay, ashamed about what had happened to him. He was traumatized by what had happened. He experienced physical pain as well as depression, anxiety, and nightmares that continue to this day. He had never told anybody about what had happened and for years he had never told anybody close to him that he was gay so it was reasonable that he wouldn't be able to tell a border patrol officer these intimate details about his life. He was afraid of men. This is also a reasonable explanation that he had. He was afraid to expose this to male officers. Again, the two years of brutal sexual assault, the fact that he'd experienced. He was eight years old, correct? Yes, he was raped repeatedly for two years by his cousin. So from ten on he was in trauma because of that all the way up through his jobs and everything else. That's correct, your honor. Sexual trauma is something that lasts for a very long time but not only did he experience that, he experienced harassment and physical assaults throughout his life from elementary school through middle school, high school, and even as a university student where he was on a scholarship. He was there for three years. He had a three-year full-ride scholarship and he declined to take it because the harassment continued even when he was in the university. But I guess to go back to the question I started with, all of that would be a good explanation for he didn't explain the basis for his fear. If he left out all of that detail, the explanation you've just given would account for that. But what I'm having trouble with is why he affirmatively said, no, I am not afraid to go back to Mexico. It seems like you would be in a different position if he had said, yes, I'm afraid but I'm not going to provide any more details. Then it still doesn't account for saying, no, I'm not afraid to go back. Well, I think he credibly testified as to why he was afraid and the difficulty in talking about his reason for coming. He was ashamed, embarrassed. He assumed that he was going to be asked numerous other questions, details about what had happened. He was afraid of authority. There had been no consequences, for example, when his uncle had point blank shot his sister in front of him when he was a young child. His uncle was jailed for one day and released. He had multiple reasons for being afraid to talk about what had happened to him. The record also shows that there was no privacy during that first interview. He was within a few feet of other detainees while he was being interviewed. We'd also note that the board erred in making improper fact-finding as to the objective basis for his fear. The board can't disregard the immigration judge's findings and substitute its own review of the facts. It must find either clear error, which it did not do in this case, and if facts are missing, then remand back to the immigration judge. I see that my time is up, so I'll reserve the time for rebuttal. Thank you, counsel. We'll hear from the government. Good morning, your honors. May it please the court. Laura Halladay for the U.S. Attorney General. In this case, substantial evidence supports the agency's adverse credibility determination. The agency identified inconsistencies in the petitioner's statements about his fear and considered and found insufficient his explanation for the inconsistencies. Ultimately, the agency's adverse credibility determination is based on permissible and common-sense interpretation of the record evidence. The petitioner made three attempted entries during a six-week period. During the first two illegal entry attempts, he did not express a fear of returning to Mexico. Indeed, he affirmatively stated he had no fear and had come to the U.S. to work. When he sought entry the third time to apply for asylum, he expressed a fear of returning to Mexico based on alleged harm that predated all of the entry attempts, and the agency identified those inconsistent statements about his fear as inconsistencies that undermined his credibility. And then the agency considered the petitioner's explanation that he did not allege a fear of returning to Mexico during the first two attempted entries because he was ashamed of his sexual orientation, and the agency found that insufficient. The agency didn't have to accept the petitioner's explanation, and the agency reasoned that the fact that he did not allege a fear of harm and took no steps to avoid returning to Mexico during the first two entry attempts undermined his claim of fear. And there's no dispute that he didn't take any steps during the first two entry attempts to avoid returning to Mexico. And I think the board makes it clear that that is what, when the immigration was identifying possible actions that petitioner could have taken, the board looks at those actions that the immigration identified and says, they highlight that petitioner took no steps. Petitioner's counsel says, could petitioner have asked for a female border agent? He could have. Would it have been successful? You know, you can't know because he didn't. And what the board was finding is that he didn't take any steps, that if you had a genuine fear of harm in Mexico, that on those first two entry attempts, the board found it reasonable and common sense that somebody would take some steps to avoid returning to the country where they fear harm and including stating a generalized fear. Ultimately, petitioner's argument that the agency erred in finding him adversely credible really equates case law that discusses the and recognizes that someone might be reluctant to discuss the personal intimate details of a sexual orientation claim with border agents and equates that with his not expressing any fear and indeed affirmatively expressing no fear. And the case law doesn't support that. This isn't a case where the agency said, look, you gave testimony, but it wasn't sufficiently detailed. You didn't go through every single aspect of your sexual orientation claim or all of the harm that you're alleging. This is a claim where he didn't express any fear whatsoever. And so this isn't an instance where it's fair to say that case law dealing with reluctance to divulge intimate personal details applies. This was a case where he didn't allege fear on two occasions and affirmatively didn't allege and said he didn't have any fear in that he had come to work. And even on the third occasion, when he was interviewed, when he saw the sound and was interviewed at the border, he was asked about those first two occasions and why he hadn't expressed any fear. And he said he didn't know what to say at that point. He had been told what to say while he was at a shelter prior to seeking asylum. And he didn't mention shame as a basis for why he didn't express a fear. And so ultimately petitioner's explanation that he didn't indicate he had any fear whatsoever because he was ashamed of his sexual orientation doesn't address the take some steps or investigate some means to avoid returning to that country where they feared harm. And there's no evidence that petitioner took any steps. And so there's no evidence that would compel a conclusion contrary to the board's. The board ultimately made a common sense, reasonable conclusion based on the evidence that petitioner made inconsistent statements and ultimately didn't. His explanation wasn't sufficient. And that's ultimately why the adverse credibility determination is supported by substantial evidence. To the extent that petitioner advances another plausible interpretation of the evidence, that's not sufficient. The board found that he didn't take any steps to avoid return to Mexico. And then that undermined his explanation for the inconsistent statements. Would you address the arguments that the board engaged in improper fact finding? Yeah, the board's opinion with respect to a pattern and practice evidence petitioner didn't make any argument that his asylum claim would prevail in the absence of credible testimony. So that really pattern and practice evidence was dicta. If the court found that the evidence compels reversal of the adverse credibility determination, then this case needs to be remanded to the board to address remaining issues on appeal, including DHS had raised a cross appeal about their ability to rebut the presumption of well-founded fear. And so there's remaining issues, but if the if the court found the evidence compel reversal of the adverse credibility determination, then remand the government submits that remand would be required. And does the court have any further questions? No, I don't think so. So thank you. The government submits that the adverse credibility determination is supported by substantial evidence and asks that the court deny the petition for review. Thank you. Thank you, counsel. Rebuttal. Your honors, there was clearly not an opportunity on Herardo's second entry to speak to border officials. He never spoke to border officials. So we're talking about one time on his first entry when he as he clearly stated during his testimony that he did not did not tell the truth. He froze. He stated he didn't have a fear. And we presented numerous explanations for why he wasn't able to talk about what happened to him. Counsel, you said that because there could be another conclusion on the evidence that it must be accepted. Your honor, I do understand that the court can make a separate conclusion. However, we believe that given the fact that there are clear factual errors here, speculation by the judge on two counts, that looking at the totality of the circumstances, including my clients, years of sexual assault, harassment by society in classmates, neighbors, men on buses, he has been completely traumatized. And those are all reasonable explanations for why he wasn't able to initially say what was on his mind. He said he feels like even now he's not even capable of completely saying what happened to him, that there has been so much darkness in his life. The court, the board has to look at the totality of the circumstances and simply fail to do that in this case. Thank you, counsel. The case will be submitted for decision. Thank both of you for your argument today and we'll proceed with the argument in the next case.
judges: Kelly, Thomas, Miller